IOWA INSURANCE DIVISION
DEPARTMENT OF COMMERCE
Two Ruan Center
601 Locust, 4th Floor
Des Moines IA 50309-3738

CERTIFIED MAIL

9414 8149 2618 3001 7079 19



**EXHIBIT 1**

**Cincinnati Insurance Company (The)**
**Steve Corbly**
**6200 S. Gilmore Road**
**Fairfield, OH 45014-5141**

REG/COMP

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

Case Number: LACL148059

| | |
|---|---|
| ORAL SURGEONS, P.C.,<br>Plaintiff(s),<br><br>v.<br><br>THE CINCINNATI INSURANCE COMPANY,<br>Defendant(s), | ACCEPTANCE OF SERVICE |

Service of the foregoing, ORIGINAL NOTICE, PETITION ET AL, is hereby accepted as provided by the law for the THE CINCINNATI INSURANCE COMPANY, defendant named herein, the 18th of June, 2020.

Commissioner of Insurance

Doug Ommen

## IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | | |
|---|---|---|
| ORAL SURGEONS, P.C., | : | Case No.: LACL 148059 |
| Plaintiff, | : | |
| vs. | : | ORIGINAL NOTICE |
| THE CINCINNATI INSURANCE CO., | : | |
| Defendant. | : | |

**TO THE ABOVE-NAMED DEFENDANTS:**

You are hereby notified that on June 11, 2020, a Petition at Law was filed with the Clerk of the above Court in the above-entitled action, a copy of which Petition is attached hereto. The Plaintiff's attorneys are Peddicord Wharton, LLP., whose address is 6800 Lake Drive, Ste. 125, West Des Moines, IA 50266. Their telephone number is 515-243-2100; facsimile number 515-422-5188.

You are further notified that unless, within 20 days after service of this Original Notice upon you and, within a reasonable time thereafter file, a motion or answer, in the Iowa District Court for Polk County, Iowa, at the courthouse in Des Moines, Iowa, judgment by default will be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at 515-286-3394. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

You are hereby advised that this case has been filed in a county that utilizes electronic filing. You are directed to the Iowa Court Rules Chapter 16 for general rules and information on electronic filing. You are also directed to the rules in Chapter 16, division VI, regarding the protection of personal information in court filings.

CLERK OF THE ABOVE COURT
Polk County Courthouse
Des Moines, Iowa 50309

NOTE: The attorney who is expected to represent the Defendant should be promptly advised by Defendants of the service of this notice.

## STATE OF IOWA JUDICIARY

Case No. LACL148059
County Polk

Case Title **ORAL SURGEONS PC VS THE CINCINNATI INSURANCE CO**

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

Scheduled Hearing:

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(515) 286-3394**. (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

Date Issued  06/12/2020 10:52:27 AM



District Clerk of Polk          County
/s/ Christine Simonsen

## IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| ORAL SURGEONS, P.C., | Case No.:_____ |
| Plaintiff, | |
| vs. | PETITION AT LAW and JURY DEMAND |
| THE CINCINNATI INSURANCE CO., | |
| Defendant. | |

**COMES NOW**, the Plaintiff, Oral Surgeons, P.C., by and through their attorneys, Peddicord Wharton, L.L.P., and for their Petition at Law and Jury Demand, hereby state the following:

### PARTIES

1. Plaintiff Oral Surgeons, P.C. ("OSPC") is an Iowa professional corporation doing business in Polk County, Iowa.

2. Defendant The Cincinnati Insurance Company ("Cincinnati") is an Ohio Corporation, engaged in the business of insurance in the State of Iowa.

### JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court as the requested relief exceeds the jurisdictional limits of small claims, and pursuant to Iowa Code § 602.6101 this Court has general authority to grant declaratory and all relief requested by OSPC.

4. This Court has personal jurisdiction over Cincinnati pursuant to the Iowa long arm statute as Cincinnati has submitted to jurisdiction in this state by transacting business in Iowa, including: (a) making and issuing an insurance contract with OSPC, among others, similar to OSPC; (b) taking or receiving applications for insurance from Iowa residents including OSPC, among others, similar to OSPC.; (c) collecting premium payments from OSPC, among others, similar to OSPC; and (d) issuing contracts of insurance to residents of Iowa, including OSPC.

5. Venue is proper in this Court pursuant to Iowa Code Chapter §616.10, as the insurance policy purchased by O.S.P.C. and underwritten by Cincinnati is to be primarily enforced in Polk County, Iowa.

### FACTUAL BACKGROUND PERTAINING TO ALL COUNTS

6. OSPC performs oral and maxillofacial surgery services across the greater Des Moines metropolitan area. OSPC serves the public through four offices locations in Des Moines, Clive and Ankeny.

7. OSPC was forced to cease all "non-emergency" patient services, causing physical damage or loss of property to OSPC, resulting from the emergence of the coronavirus COVID-19 global pandemic.

8. In an effort to slow the spread of the novel coronavirus COVID-19, the State of Iowa issued a Proclamation of Disaster Emergency on or about March 26, 2020 (the "Order"), which in part, restricted dentists, including practitioners of OSPC, from performing any dental procedures other than in emergent cases. The Order remained in effect through May 8, 2020, which thereafter the State of Iowa allowed for the re-opening of dental facilities and practices upon adherence to the *Guidelines for the Safe Transition Back to Practice* as adopted by the Iowa Dental Board. The imposed restrictions were of no-fault on the part of OSPC.

9. The limitations caused by the physical damage or loss of the novel coronavirus COVID-19, as enforced by the Order and subsequent mandates, present an actual threat of harm to OSPC and other small, local businesses that employ Iowa residents.

10. To protect its business from situations like these, which threaten the livelihoods of OSPC personnel due to factors outside of its control, OSPC obtained business interruption insurance from Cincinnati.

11. In substantial and material breach of its coverage obligations it undertook in exchange for premiums paid by OSPC, Cincinnati has indicated OSPC's claims arising from the interruption of its business resulting from the coronavirus, and the State of Iowa's response thereto, will be denied.

12. OSPC brings this action to ensure payment of the benefits of the All-Risk Commercial Business Owner's Policy issued to OSPC, which provides for coverage of losses incurred due to a "necessary suspension" of its operations, which includes the closure of services due to the coronavirus COVID-19 pandemic and resultant Order by the State of Iowa.

13. Cincinnati, in exchange for substantial premiums from OSPC, sold a commercial policy ("Policy") to OSPC, in which Cincinnati promised to indemnify OSPC against losses resulting from occurrences leading to the suspension of operations at any insured location.

14. The Policy is considered "all risk" in that it provides broad coverage for losses caused by any occurrence not otherwise explicitly excluded.

15. The Policy includes coverage for loss of business income and extra expenses resulting from action of civil authority which serves to prohibit access to the premises due to "loss" to property.

16. OSPC is covered under Cincinnati Policy ECP0365736 with effective dates commencing January 1, 2019 and terminating on January 1, 2022. The Policy was in full force and effect during the relevant period of March 26, 2020 – May 8, 2020.

17. In April 2020, OSPC, through its broker, the Dana Company, provided a notice of claim under the Policy to Cincinnati.

18. That on April 15, 2020, Cincinnati submitted a reservation of rights letter to OSPC, which indicated Cincinnati's position of no coverage. In the letter, Cincinnati states in part:

    At the threshold, there must be direct physical loss or damage to Covered Property caused by a covered cause of loss in order for the claim to be covered. Covered Property generally entails your premises and business personal property direct physical loss or damage generally means a physical effect on Covered Property, such as deformation, permanent change in physical appearance or other manifestation of a physical effect. Your Notice of Claim indicates your claim involves Coronavirus. However, the fact of the pandemic, without more, is not direct physical loss or damage to property at the premises.

  19. The above statement from Cincinnati, while not a formal denial of coverage, is clear in intention. Cincinnati does not intend to provide coverage under its Policy to OSPC.

  20. At all times relevant hereto, OSPC intended to purchase, and did in fact purchase, an exclusionary policy, intending to cover, among other things, all business interruptions caused by an event other than those specifically excluded in the Policy. The conclusory opinion from Cincinnati that the coronavirus Covid-19 does not constitute direct physical damage, is not supported by the Policy, nor the facts.

  21. Direct physical loss may exist without actual structural damage to property. By way of example, the presence of harmful substances at or on a property may constitute property damage or direct physical loss implicating first party property damage. At a minimum, Plaintiff suffered a physical loss of the covered property as a result of the coronavirus Covid-19 and the resultant Order and actions taken by the State of Iowa to limit the impact of the global pandemic.

  22. OSPC suffered a loss of use of Covered Property because OSPC was unable to operate and use its facilities for patient services.

  23. The Policy sold by Cincinnati does not include an exclusion for loss caused by a virus. The Policy contains rule and exclusions regarding bacteria, however, it is widely known and understood that a virus is not a bacterium.

  24. OSPC reasonably believed and expected that the insurance purchased from Cincinnati would include coverage for property damage and business interruption losses caused by viruses like the Coronavirus Covid-19.

  25. Had Cincinnati desired to exclude pandemic losses under the Policy, Cincinnati had an affirmative obligation to do so with an express exclusion.

## COUNT I
## DECLARATORY JUDGMENT
### (AS AGAINST THE CINCINNATI INSURANCE COMPANY PURSUANT TO IOWA RULE OF CIVIL PROCEDURE 1.1101)

  26. OSPC restates and re-alleges all of the above paragraphs as though fully set forth herein.

27. OSPC claims damages that are covered under the business interruption and loss of income Policy issued by Cincinnati.

28. OSPC was forced to close its premises or substantially reduce its business due to the Coronavirus Covid-19, and measures put in place by civil authorities to stop the spread of the coronavirus Covid-19, specifically through human to human and surface to human contact.

29. OSPC contends that such measures trigger coverage under the all-risk Policy because the Policy does not include an exclusion for a viral pandemic.

30. OSPC further contends the civil authority order triggers coverage under the all-risk Policy because there was direct loss of property.

31. Upon information and belief, Cincinnati denies and disputes that the standard business income loss and extra expense coverage Policy provides coverage in this instance.

32. OSPC seeks a declaration that the Policy is an all-risk commercial insurance policy and that it provides coverage for business income losses and extra expenses.

33. OSPC further seeks a declaration that the forced closures of its premises due to State and local authority Orders is a prohibition of access to their premises and covered as defined in the Policy.

34. OSPC further seeks a declaration by this Court that OSPC sustained a "direct loss to property" because of the coronavirus Covid-19 and the Order issued by the State of Iowa.

35. OSPC seeks an additional declaration that the lost business income it sustained and continues to sustain is due to the necessary "suspension of operations" following a loss of the premises. The declaration sought by OSPC is of a justiciable nature, does not amount to an advisory decree, and will settle the controversy between the parties.

## COUNT II
## BREACH OF CONTRACT
## (AS AGAINST THE CINCINNATI INSURANCE COMPANY)

36. OSPC restates and re-alleges all of the above paragraphs as though fully set forth herein.

37. OSPC and Cincinnati have a valid and binding agreement. OSPC has an all-risk Commercial Insurance Policy Number ECP0365736 issued by Cincinnati.

38. OSPC has performed all of its obligations as specified by the Policy, including the payments of all premiums when due.

39. The Policy provides for coverage for losses to business income and for extra expenses.

40. The Policy provides that Cincinnati will pay for the actual loss of business income due to the necessary suspension of operations.

41. The Policy provides that Cincinnati will pay for any necessary expenses that OSPC incurs that would have not have occurred had there been no loss of the insured property.

42. OSPC's Policy provides for coverage for suspension of business operations due to closures caused by the action of civil authorities.

43. Upon information and belief, Cincinnati intends to refuse performance under the Policy. Specifically, Cincinnati intends to deny or refuse to provide coverage for loss of property, business income losses or extra expenses incurred due to measures put in place by civil authorities resulting from the coronavirus Covid-19.

44. As a result of Cincinnati's anticipatory breach of the Policy, OSPC has suffered actual damages.

45. OSPC seeks compensatory damages resulting from Cincinnati's repudiation or anticipatory breach of contract, and further seeks relief deemed appropriate by this Court, including attorney's fees and costs.

## COUNT III
## CONDUCT OF BAD FAITH

46. OSPC restates and re-alleges all of the above paragraphs as though fully set forth herein.

47. Prior to April 15, 2020, Cincinnati failed to make any investigation of the claim presented by OSPC.

48. By immediately refuting coverage via its issued correspondence of April 15, 2020, Cincinnati is attempting to vary the term "loss" by claiming that the coronavirus Covid-19 does not result in direct property loss.

49. Cincinnati's conduct amounts to a "blanket" denial of all pandemic related business interruption claims. Cincinnati's reservation of rights anticipated denial of coverage is unreasonable and reflects a failure to adequately and reasonably investigate OSPC's claim.

50. Cincinnati knew, or should have known by the exercise of reasonable diligence or investigation, that its liability under the Policy was reasonably identifiable and clear under the circumstances.

51. OSPC is entitled, to all compensatory damages, including all forms of loss resulting from Cincinnati's breach of duty, such as additional costs, losses due to nonpayment of the amount Cincinnati owes, and other direct and consequential damages, as well as exemplary damages.

**WHEREFORE**, the Plaintiff, Oral Surgeons, P.C., respectfully requests the Court enter a judgment in favor of OSPC, and against the Defendant, The Cincinnati Insurance Company, including the following reliefs:
   a. That declaratory judgment be entered in Plaintiff's favor as stated herein;
   b. Judgment for all actual, consequential and special damages, as well as exemplary damages,

c. Attorney's fees, court costs, and all other such relief as the Court deems just and proper.

### JURY DEMAND

**COMES NOW**, the Plaintiff, Oral Surgeons, P.C., and hereby requests trial by jury on all issues within cause of action.

### PEDDICORD WHARTON, LLP

/s/ *Randy J. Wilharber*

| | |
|---|---|
| **Randy J. Wilharber** | **AT0008505** |
| **Tyler S. Smith** | **AT0013124** |

randy@peddicord.law
**ATTORNEYS FOR PLAINTIFF**

PROOF OF SERVICE

The undersigned certifies that the foregoing document was electronically filed with the Court on **June 11, 2020**, using the CM/ECF system and served to the parties listed below by electronic means through the ECF system.

Signed: */s/ Brooke Trimble*